M. GERTRUDE SEMMES AND RAPHAEL SEMMES, TRUSTEES OF THE
ESTATE OF CHARLES W. SEMMES, DECEASED, PETITIONERS, *v.* COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53599. Promulgated November 30, 1932.

*J. A. Sweeney, Esq.*, for the petitioners.
*Maxwell M. Mahany, Esq.*, for the respondent.

OPINION.

MATTHEWS: This is a proceeding for a redetermination of a defi-
ciency in income tax for the year 1928 in the amount of $425.78.

The deficiency arises from the respondent's action in disallowing,
as a deduction from the gross income of the estate of Charles W.
Semmes, the amount of $12,000 paid by the estate to the decedent's
widow as an annuity under the provisions of his will.

The parties have filed a stipulation of facts, which it is not neces-
sary to set forth in full, but which is incorporated herewith by ref-
erence and made a part of this opinion. The parts of the stipulation
material to a decision of the case are as follows:

The petitioners herein are executors and trustees of the estate of Charles
W. Semmes, who died testate on September 11, 1924, while a resident of Wash-
ington, D. C. The will, dated May 27, 1924, and codicil dated August 12, 1924,
duly admitted to probate, after providing for the disposition of certain per-
sonal belongings such as jewelry, clothing, etc., the payment of debts and
funeral expenses, and for several small bequests, read as follows:

(3) I give, devise and bequeath all the rest and residue of my
estate* * to my * * wife, M. Gertrude Semmes * *and to my
brother, Ralph Semmes * * as trustees * * for the following pur-
poses, viz: * * * *.

(4) I direct my said trustees to pay out of the net income of my es-
tate * * the * * following, viz:

(a) I direct my said trustees to pay to my * * wife * * the
sum of ($1,000.00) a month during the term of her natural life for her
support and maintenance and to pay also to my said wife the * * sum
of * * $250.00 a month for the support * * of our son, William A.
Semmes, until he reaches the age of twenty-one years * *.

(b) I direct my said trustees to pay to my sister, Mrs. Eva Costi-
gan * *, and to my sister, Cora Eastman, * *and to my brother,
Edward B. Semmes, the sum of * * $100.00 a month each, during the
term of their natural lives * *.

(c) I direct my said trustees to pay to my cousin, Eva Hichew, the
sum of * * $50.00 a month during the term of her natural life.

(d) I direct my said trustees to pay to my sister, Mrs. Eva Costigan,
for the support * * of my niece, Dorothy Richardson, the sum of
$100.00 a month during the term of the natural life of my said niece.

(e) I direct my said trustees to pay * * out of my estate to each of
my said sisters, Mrs. Eva Costigan and Mrs. Cora Eastman, and to my
brother Edward B. Semmes, the sum of * * $10,000.00 each, and to
my brother Raphael Semmes the sum of * * $25,000.00, said sums to

be payable at such times and in such amounts as my trustees may deem advisable, the available assets of my estate shall warrant and when the requirements of the Semmes Motor Company have been provided · for * * *.

\* \* \* \* \* \* \*

Within the statutory period and according to the manner in such cases provided, M. Gertrude Semmes, the widow, elected to take under the will in lieu of the interest allowed her in decedent's estate by the laws of the District of Columbia.

During the year 1928, the year involved in this proceeding, the trustees, pursuant to the authority contained in paragraph (4) of decedent's will, distributed cash to the widow in amounts aggregating $12,000.00, which amounts, added to payments of prior years, did not aggregate a sum equal to that which would have been apportionable to her as of the date of deceased's death under the controlling District of Columbia statutory provisions had she not elected to take under the will.

The monthly payments provided for under paragraph 4-a-b-c-d of the will were regularly made by the trustees, deducted on petitioners' return, and allowed as deductions by the respondent. No distributions were made by the petitioners during the year 1928 in connection with the bequests aggregating $55,000.00, referred to in paragraph 4 (e) of the will, and of which there still remained unpaid as of January 1, 1928, the sum of $44.000.00, payments aggregating $11,000.00 having been made in prior years subsequent to testator's death. The trustees filed a form 1040 income tax return for the year 1928, and reported taxable net income of $1,721.11, arrived at in substantially the following manner:

INCOME:

| | | |
|---|---|---|
| Interest on bank deposits, notes, etc | $12,902.99 | |
| Rents from Real Estate, stores, etc | 23,002.50 | |
| | | $35,905.49 |

DEDUCTIONS:

| | | |
|---|---|---|
| Repairs, depreciation insurance, taxes, etc | $13,729.18 | |
| Cash distributions to Wm. A. Semmes, son: Eva Costigan, and Cora Costigan, sisters; Edw. B. Semmes, brother; Eva Hichew, cousin; Dorothy Richardson, niece, pursuant to paragraphs 4 (a), (b), (c), (d) of the will, aggregating | 8,455.20 | |
| Cash distributions made to M. Gertrude Semmes, widow, pursuant to paragraph 4 (a) of the will, aggregating | 12,000.00 | 34,184.38 |

NET INCOME ____ $1,721.11

The petitioners computed the tax upon the net income of $1,721.11 and paid the tax which they estimated to be due. The respondent commissioner, in arriving at the deficiency for the year 1928, disallowed as a deduction in arriving at petitioners' net income the $12,000.00 representing distributions to the widow, and computed the deficiency upon a net income of $13,721.11 in lieu of the $1,721.11 returned by the petitioners. Mrs. M. Gertrude Semmes, the widow, when filing her income tax return for the year 1928 reported the $12,000.00 distributed to her as being taxable income; thereafter she was advised and learned that said amount was not properly taxable to her and accordingly filed a claim for refund, which was thereafter allowed by the Commissioner, and refund made to her of the taxes paid by her for the year 1928 on this amount.

We have consistently held, beginning with the case of *Julia Butterworth et al., Trustees,* 23 B. T. A. 838, that amounts paid in accordance with a will to a widow in lieu of dower are payments to her in satisfaction of her dower rights, and, where the total of the amounts so paid do not equal the value of her dower rights, they are not deductible by the trustees of the estate, since they do not constitute distributions of income within the meaning of section 219 (b) (2) of the Revenue Act of 1924. The same result was reached under section 219 (b) (2) of the Revenue Act of 1926, and under section 162 (b) of the Revenue Act of 1928, which is controlling here. (*Fidelity-Philadelphia Trust Co., Trustee,* 25 B. T. A. 1359; *Boston Safe Deposit & Trust Co. et al., Executors,* 26 B. T. A. 486; *Anthracite Trust Co. et al., Trustees,* 26 B. T. A. 89).

Petitioners' counsel does not contend that these cases are not controlling in the instant proceeding, but he contends, in the alternative, in the petition and in the brief that although this $12,000 paid to the widow was in lieu of dower, it is nevertheless deductible, since it was held and accumulated to pay the bequests provided for in paragraph 4 (e) of the will. Section 162 (b) and (c), Act of 1928.

In his brief, counsel also refers to various other provisions in the will which are set forth in the stipulation, but which we have not included in our facts, to show that the trustees were not allowed any discretion to withhold or pay said bequests and that such amounts were, therefore, taxable to the beneficiaries and deductible by the trustees.

We see no merit whatsoever in the petitioner's contentions. The amount of $12,000 was *paid* to the widow and it can not be paid to her and at the same time be accumulated to pay other bequests. Such a thing is physically impossible. The fact that it is not deductible under the law does not change the physical fact of its having been paid to her. There is no question raised as to the $1,721.11 which remained as income to the trustees and which was not distributed or credited in any way to the beneficiaries. We do not see any necessity of going into a discussion of the construction of the will or the discretion of the trustees. Clearly, they had to pay the $12,000 to the widow, and did so. After paying this amount, necessary expenses and other distributions provided for in paragraphs 4 (a), (b), (c) and (d) of the will, they did not have enough left to pay any of the amounts provided for in paragraph 4 (e). There is no basis for holding that the amount of $12,000 was accumulated for further distribution to pay the bequests provided for in the latter paragraph.

*Judgment will be entered for the respondent.*